MOSK, J., Concurring.
I agree with the majority that defendants owed no duty towards plaintiff in this case. As the majority correctly state: “[T]he City was not relying on defendants to complete the traffic signal installation within any particular time . . . .” (Maj. opn., ante, at p. 561.) Stated another way, nothing in the record establishes that by failing to install the traffic signal by January 12, 1991, when the accident occurred, the developer or its agents breached any legal duty contractually imposed or otherwise. This is therefore not a case in which a developer breached an obligation to install traffic improvements before commencing the operation of a commercial or residential development. Under such circumstances, a municipality may be said to rely upon a developer’s timely installation of the traffic signal, and the developer could accordingly be held liable for harm resulting from its negligent delay based on that reliance. (Rest.2d Torts, § 324A, subd. (c).) Thus, I do not understand the majority as foreclosing liability for negligent delay when a developer has breached a legal obligation to install a traffic improvement by a certain time or under a certain condition.